RECEIVED
DEC 1 7 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| WILLIAM D. SORENSEN<br>JOHNNY STRICKLAND | CIVIL ACTION NO. 07-0996 |
| VERSUS | JUDGE DOHERTY |
| PHI, INC. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is the "Motion for Preliminary Hearing on Defenses" filed by plaintiffs William D. Sorensen and Johnny Strickland [Doc. 41]. In their motion, plaintiffs seek to expedite the filing of certain defense motions, requesting that the Court order defendant PHI, Inc. to file a motion to dismiss challenging this Court's subject matter jurisdiction, as well as a motion to dismiss for failure to state a claim, "in the near future." PHI opposes the motion [Doc. 44]. For the following reasons, plaintiffs' motion is DENIED.

**I.    Factual and Procedural Background**

In March 2000, OPEIU was certified by the National Mediation Board ("NMB") as the collective bargaining representative of the flight deck crewmembers ("pilots") employed by PHI. Shortly after the NMB certification, OPEIU entered into negotiations with PHI in an attempt to reach an initial collective bargaining agreement ("CBA"). As a result of these negotiations, a CBA was confected between PHI and the Unions on July 12, 2001, which was effective June 1, 2001 through May 31, 2004.

Plaintiff are members of OPEIU and Local 108. Until October 2, 2006, both worked for PHI at different PHI Air Evac facilities in Arizona, plaintiff Sorensen at the PHI Air Evac 8 facility

located at Gateway Airport in Mesa, Arizona, and plaintiff Strickland at the PHI Air Evac 5 facility located in Buckeye, Arizona.

On or about February 19, 2004, negotiations between PHI and the Unions began in an effort to reach a successor CBA. After approximately 39 days of direct bargaining and more than 38 additional bargaining sessions mediated by the NMB, no successor CBA was reached. On July 28, 2006, the NMB issued a letter advising PHI and the Unions that as of 12:01 a.m. EDT on August 28, 2006, the parties would be free to engage in economic self-help.

On August 28, 2006, PHI filed suit in this court, seeking a declaratory judgment and permanent injunctive relief against the Unions under the Railway Labor Act, 45 U.S.C. §151, *et seq.* ("RLA"), on grounds the Unions violated Section 2, First of the RLA by bargaining in bad faith and failing to exert reasonable efforts to reach an agreement with the Company (the "Bad Faith Bargaining Case"). PHI also seeks to enjoin the Unions from further bargaining in bad faith and require them, henceforth, to bargain in good faith with the intent of reaching an agreement.

On September 20, 2006, the Unions instituted a strike of PHI's pilots. Plaintiffs Sorensen and Strickland honored the strike and actively supported the strike by walking the picket line established at certain PHI's facilities in Arizona and participating in e-mail communications with fellow pilots with the goal of promoting th strike. According to plaintiffs, PHI had knowledge of plaintiffs' pro-union activities.

Plaintiffs allege that on or about September 29, 2006, they were instructed by PHI to report for a meeting to be held on October 2, 2006 at PHI's Phoenix, Arizona facility, which would have required plaintiffs to cross the picket lines. Plaintiffs allege in their complaint PHI rejected the Unions' request that the meeting be held at a neutral location. Plaintiffs did not attend the meeting. Thereafter, by separate letters dated October 2, 2006, plaintiffs were terminated by PHI for allegedly

engaging in strike-related conduct in violation of PHI's policies and procedures. Specifically, plaintiff Sorensen is alleged by PHI to have issued an e-mail on or about September 28, 2006 which contained the phrase "Death to Scabs," and plaintiff Strickland is alleged by PHI to have forwarded the same e-mail to a number of PHI pilots.

In their complaint, plaintiffs allege PHI used the events of September 28, 2006 as a pretext for unlawfully terminating them in retaliation for their protected, concerted union activity under Section 2 Fourth of the RLA. On January 18, 2007, plaintiffs filed the instant lawsuit, seeking a declaration that PHI has violated Section 2 Fourth of the RLA, an order that plaintiffs be reinstated to employment with full seniority and to make them whole for any losses suffered, as well as compensatory and punitive damages and costs.[1]

In its answer to the plaintiffs' complaint, PHI asserts the following affirmative defenses:

### SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the Plaintiffs' claims because such claims comprise a "minor dispute" subject to the exclusive jurisdiction of the System Board of Adjustment established by the existing but expired collective bargaining agreement entered into by PHI and Plaintiffs' exclusive bargaining representatives [OPEIU and Local 108].......[2]

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against PHI under section 2, Third or 2, Fourth of the Railway Labor Act ("RLA"), 45 U.S.C. 152, Third, Fourth, because the conduct alleged comprises "post-certification" activity for which an adequate remedy lies before the parties' System Board of

---

[1] The Unions have filed their own lawsuit, referred to as the Return to Work lawsuit by the Court and the parties. On November 27, 2006, the Unions filed a complaint for preliminary and permanent injunctive relief, declaratory judgment, damages, and other relief under the Railway Labor Act, 45 U.S.C. §151, *et seq.* and 28 U.S.C. §2201 (the "Return to Work Case"). As a general matter, in the "Return to Work Case," the Unions allege that PHI has ignored the unconditional return to work offer and/or placed illegal conditions on the offer in violation of the RLA.

[2] See PHI's Answer to Complaint, Doc. 7.

Adjustment.[3]

In the instant motion, plaintiffs request that this Court order PHI to file its "long-awaited" motions to dismiss raising lack of subject matter jurisdiction and failure to state a claim "in the near future" on grounds that "PHI should not be allowed to hold its dispositive motion forever in reserve." Plaintiffs also contend they are required to participate in costly discovery while PHI fails to file its motions.

## II.  Law and Analysis

Plaintiffs file the instant motion pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, arguing this rule permits the Court to schedule for hearing a prompt disposition of the matter of this Court's subject matter jurisdiction over plaintiffs' claims. However, it appears plaintiffs' reliance on Rule 12(d) is misplaced, as Rule 12(d) addresses the issue of conversion of a motion to dismiss to a motion for summary judgment if matters outside the pleadings are presented to the Court.[4] The Court finds the instant motion is more properly filed pursuant to Rule 12(i), which states as follows:

> **(i) Hearing Before Trial.** If a party so moves, any defense listed in Rule 12(b)(1)-(7)--whether made in a pleading or by motion--and a motion under Rule 12(c) *must be heard and decided before trial unless the court orders a deferral until trial.*

Fed.R.Civ.P. 12(I) (emphasis added).

---

[3] Id.

[4] Rule 12(d) states:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d).

PHI does not dispute plaintiffs' contention that a preliminary hearing is appropriate to decide the issue of this Court's subject matter jurisdiction over the plaintiffs' claims prior to trial. Nevertheless, PHI also contends it does not make a blanket assertion that plaintiff's claims lack jurisdiction on their face, and, consequently, jurisdiction cannot be decided simply by looking to the pleadings. Rather, PHI contends the determination as to whether this Court has subject matter jurisdiction will require consideration of supporting facts, including the existence of an applicable CBA, the existence of non-existence of potential "anti-union animus," and the availability of a grievance procedure. Thus, PHI avers discovery should be permitted to proceed – and has been proceeding – to allow the parties to investigate these facts.

PHI's arguments are well-taken. Rule 12(i) contemplates the resolution of issues concerning subject matter jurisdiction *prior to trial*, not at a specific time chosen by opposing counsel. Furthermore, the scheduling order in this case sets the deadline for the filing of dispositive motions on March 27, 2008. This Court concludes that whether – and when – to file a motion challenging this Court's subject matter jurisdiction and the sufficiency of the claims raised in the complaint is a matter best left to the discretion of the party filing the motion. PHI has stated it will fully comply with the Court's scheduling order and its deadline for filing dispositive motions, and counsel for PHI is well aware of this Court's expectation that the parties strictly adhere to such deadline. Trial of this matter is set on July 7, 2007, thus the Court will have sufficient time to rule on any pending motions prior to trial.

3.  **Conclusion**

Considering the foregoing, plaintiffs' "Motion for Preliminary Hearing on Defenses" [Doc.

41) is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 17 day of _____ 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE